UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JEFFERY D. CREWS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 1:09-CR-88 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court for ruling on the petitioner's *pro se* Motion Under 18 U.S.C. § 3582(c) to Modify Sentence Pursuant to the Fair Sentencing Act of 2010 filed on May 25, 2012 (docket at 58). The government filed a response in opposition to the motion on June 12, 2012 (docket at 61). The U.S. Probation Office then filed an addendum to Crews's original Presentence Investigation Report on July 26, 2012 (docket at 62). Crews did not file a reply brief and so this matter is ripe for resolution. For the reasons explained below, the motion is DENIED.

## DISCUSSION

Crews was charged in a four-count indictment with three counts of distribution of five grams or more of cocaine base or "crack." He was also charged in a fourth count of possession with intent to distribute 50 grams or more of "crack." Crews entered into a plea agreement with the government and pleaded guilty to the fourth count. The first three counts were dismissed at sentencing on motion by the government. On January 3, 2011, Crews was sentenced to 240 months imprisonment. The Court found that the amount of drugs involved in Crews's offenses, including the offense of conviction and relevant conduct, totaled 327.52 grams, which would

have triggered the mandatory minimum sentence notwithstanding recent amendments to the U.S. Sentencing Guidelines.[1] In addition, Crews's sentence of 20 years was the statutory mandatory minimum sentence since Crews had prior felony drug convictions in state and federal court.[2]

In his motion, Crews is asking the Court to reduce his sentence substantially due to the passage of the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372. Motion for Reduction, pp. 1-2. The government argues that Crews "is not entitled to any reduction in his sentence because he was subject to a statutory mandatory minimum and his sentence was not based on any guideline range that has subsequently been lowered." Government's Response, p. 3. The U.S. Probation Office, in its recently filed addendum, agrees that Crews's mandatory sentence is unaffected by the FSA. Addendum to Presentence Report, p. 3. The U.S. Attorney and the Probation Office are correct. Crews entered into a binding plea agreement and was sentenced to the mandatory minimum sentence of 240 months. Crews would have faced up to life imprisonment had be been convicted on all four counts in the indictment and if the government would have filed enhancements on both of his prior convictions. However, as part of the plea agreement the government agreed to file only one enhancement and also agreed to

---

[1] Prior to the enactment of the Fair Sentencing Act of 2010 the mandatory minimum sentence of 10 years imprisonment was triggered when a defendant was convicted of possessing with intent to distribute 50 grams of crack or 5,000 grams of powder cocaine. After the enactment of the FSA this same mandatory minimum term is triggered when the offense conduct totals 280 grams of crack. Crews's Presentence Investigation Report concluded that he was responsible for possessing and/or distributing a total of 327.52 grams of crack. Crews lodged no objection to that conclusion prior to his sentencing.

[2] While Crews had two prior felony drug convictions, the government, as part of the binding plea agreement, agreed to use only one of those prior convictions as an enhancement under 21 U.S.C. § 851. Had the government filed enhancements on both prior convictions, Crews would have faced a mandatory life sentence. Thus, his sentence was based on a binding plea agreement calling for a sentence of 240 months rather than life.

dismiss three of the four counts filed against Crews. In exchange, the parties agreed that Crews would be sentenced to a 20-year mandatory minimum term of imprisonment. Therefore, while the amount of drugs involved in Crews's offenses, including all relevant conduct, was the basis for his guideline range calculation, the terms of the plea agreement were not based on that fact. Instead, his term of imprisonment was based on an agreement between Crews and the government to fix his term of imprisonment at 20 years and spare him a possible life term.

A recent U.S. Supreme Court decision, *Freeman v. United States*, 131 S.Ct. 2685 (2011), explains this difference. In *Freeman*, the Court held that some defendants who were sentenced under binding plea agreements *may be* eligible for a sentence reduction under the FSA. *Freeman*, 131 S.Ct. at 2687. However, a careful reading of the case reveals that only defendants whose terms of imprisonment were based on a guideline range calculated using the amount of crack cocaine involved in the offense(s) of conviction are entitled to relief. *Id*. at 2689. In contrast, defendants whose sentences are based on a binding plea agreement that is *not* based on the amount of crack involved are not entitled to relief. Since Crews's sentence was based on an agreement that he would plead guilty to only one count of out four and that the government would file only one enhancement, his sentence must stand. Several other courts that have addressed this issue have concluded that defendants who enter into binding plea agreements wherein the term of imprisonment is not based solely on the guideline range are not entitled to relief under the FSA. *See United States v. Rivera-Martinez*, 665 F.3d 344 (1st Cir. 2011); *United States v. Brown*, 653 F.3d 337 (4th Cir. 2011); *United States v. Turner*, 825 F.Supp.2d 240 (D.D.C. 2011); *United States v. Walker*, 818 F.Supp.2d 151 (D.D.C. 2011). For these reasons, Crews is not entitled to a reduction in his term of imprisonment.

## CONCLUSION

For the reasons set forth above, the motion for reduction of sentence filed by petitioner Jeffery Crews is DENIED.

Date: August 14, 2012.

      /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana